James C. Angell
vs.                    } Eq. No. 8592
Oraline S. Sisson

December 17, 1927.

TANNER, P. J. This is a bill in equity and is heard upon an agreed statement of facts.

One Herbert E. Read and Anna B. Read made a mortgage of real estate to Henry A. Sisson for $2300. The respondent succeeded to said note and mortgage under the will of said Henry A. Sisson. On breach of conditions of the mortgage said mortgaged real estate was sold to the respondent. The complainant bought said premises of said respondent for $2200 by warranty deed. Said mortgagee's sale was afterwards held by decree of Court to be null and void and the complainant was forced to abandon said premises by decree of Court. Thereupon the mortgagor redeemed said premises from said mortgage by paying $2300 principal and $517.79 interest. Respondent thereupon discharged said mortgage. The complainant thereupon made demand upon the respondent for the full amount of said mortgage and interest. Respondent refused to pay the same, but tendered the amount of money paid by the complainant for said premises with interest at 6 per cent., amounting to $2376.

The complainant claims that he is entitled to be subrogated to the rights of the respondent for the total amount of the principal mortgage debt and interest, and that the respondent should be adjudged as holding said sum of $2817.79 as trustee for the benefit of the complainant.

The respondent contends that the complainant was entitled to subrogation in the sum paid and received on said mortgage only to the extent of the purchase price paid by the complainant to the respondent for the premises, said sum being $2376.

It is true that many, and perhaps all of the cases lay down the principle that the purchaser at a void mortgagee's sale, and any assignee of said purchaser, becomes the equitable assignee of the mortgage, but so far as we have read the cases, none of them, with one or two exceptions, had occasion to consider a case like the one at bar.

If the mortgagee had made a written assignment of the mortgage and note, this would convey all his interest in the premises and in the debts secured by the mortgage, but when the mortgagee forecloses under his power of sale, while he parts with all interest in the premises, he does not part with all interest in the debt, and in foreclosing he only intends to apply upon the debt so much as the premises bring at the sale, and he intends to and does preserve his claim to the balance of the debt against the mortgagor. When, by reason of the void mortgagee's sale, the purchaser or his successor becomes the equitable assignee of the mortgage, it does not seem equitable to us that they should thereby deprive the mortgagee of the rights which he would have retained had the sale been valid. If the equitable assignees had sought to enforce their rights in the mortgage, they would have had to do so by a bill in equity. We do not see how they could have done so under the power of a sale of the mortgage since they were not the legal assignees of the mortgage, but only the equitable assignees. If the mortgage had been enforced by such a bill, it seems to us that the legal mortgagee would have had a right to be a party to said bill, and if the mortgagee had redeemed under the proceedings,

the mortgagor would have been entitled to collect the balance due him upon the note under said proceedings.

In other words, we think that the equitable assignee of the mortgage is subrogated to the rights of the legal mortgagee only so far as he has paid the purchase price upon said void mortgagee's sale. Such is the doctrine of

Gibbons vs. Carroll, 40 S. Car. page 413;

Bailey vs. Bailey, 41 S. Car. 337.

We therefore think that the complainant is entitled only to the purchase price paid upon the delivery of the deed of said premises to said complainant, with interest thereon. It follows, therefore, that the respondent is entitled to the balance of the money paid in redemption of said mortgage.

For complainant: E. M. Sullivan.

For respondent: George H. Raymond.